PEARSON, Judge
(dissenting).
The plaintiffs appeal from a 'final judgment for defendants entered after the trial court directed a verdict for the defendants upon all the evidence. The controlling question is simply whether there was sufficient evidence to support a verdict finding *660 the defendant guilty of negligence. The majority of the court decided that there was not; with this decision I respectfully disagree.
Inasmuch as this dissent is based upon the sufficiency of evidence, it will be necessary to set forth only so many of the facts involved as will serve to identify the principle I find applicable. The plaintiff, Modieste Sinopoli, was a guest in the defendants’ motel. She occupied a room with one Lena Sutker. After Mrs. Sutker had taken a shower she left the water running, and sometime later the plaintiff stepped into the tub-shower combination. She testified that just as her foot hit the bath mat, the mat went out from under her and she fell. The theory upon which the plaintiff predicated her claim for recovery was that a dangerous condition existed on the premises owned by the defendants. The dangerous condition was created by a bath mat which was unsuited for the purpose for which it was supplied (that is to provide for a nonslippery surface) by reason of defects of design and construction. This dangerous condition was known to the defendants, and they failed to warn the plaintiff. See Restatement, Torts § 388; 2 Harper and James, Torts § 28.2(1956).
The trial judge admitted testimony of a witness, who was qualified as an expert, that the particular mat used was dangerous and would not work under certain conditions. There was also testimony that an agent of the defendant voluntarily stated to plaintiff, upon an investigation of the accident, that the motel had experienced trouble with the mats and intended to get rid of them. Opposed to this testimony was that of a representative of the manufacturer of the mat that his company had sold more than 12 million bathtub mats, and that out of this amount, 1,424,365 bath mats, the same as the one in question in this suit, have been sold and are in use in motels, hotels, hospitals and other commercial establishments. Defendants’ agents categorically denied having any prior trouble with the bath mats. It is my opinion that the evidence was sufficient to take the case to the jury. Cf. Hilkmeyer v. Latin American Air Cargo Expediters, Fla.1957, 94 So.2d 821.
It is unsound for the motel to claim that it could not be found negligent for using the particular type of mat because so many others do the same thing. Compliance with a customary practice is not conclusive of the issue of due care. Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716, 718; S. H. Kress & Company v. Telford, 5 Cir., 1957, 240 F.2d 70.